CHASE, Respondent, vs. GAULT and another, Appellants.

*March 1 — March 22, 1887.*

*(1) Contracts: Usage: Instructions to jury.  (2) Costs.*

1. Plaintiff sold machinery for the defendants on commission, but such machinery, not being paid for, had to be taken back. In an action for the commission on the sale, defendants claimed that the contract as to compensation was conditional, and that where the machinery had to be taken back no commission was to be paid. A usage to that effect was proven, but the evidence as to whether the contract was conditional or not was conflicting. The instructions (stated in the opinion) are *held* to have fairly submitted that question to the jury, and not to have been misleading.
2. Under subd. 6, sec. 2918, R. S., as amended by ch. 52, Laws of 1881, if the plaintiff in an action on contract brought in the circuit court recovers more than $100, he is entitled to costs, even though the action was within the jurisdiction of a justice of the peace.

APPEAL from the County Court of *Fond du Lac* County.

Action to recover the sum of $150, alleged to be due to the plaintiff as his commission for procuring a purchaser for certain machinery. The facts will sufficiently appear from the opinion. There was a verdict for the plaintiff, and from the judgment entered thereon the defendants appealed.

The cause was submitted for the appellants on the brief of *O. A. Wells*, attorney, and *A. M. Blair*, of counsel, and for the respondent on that of *Edward W. Phelps*.

For the appellants it was contended, *inter alia*, that construing together subd. 3, 7, sec. 2918, R. S., and subd. 6, as amended by ch. 52, Laws of 1881, the plaintiff in an action on contract should not be allowed costs, even though he recovered $100 or more, if a justice of the peace had jurisdiction.

COLE, C. J. This case involves mainly a question of fact. The plaintiff sues to recover his commission for finding a purchaser for some machinery for a saw-mill. It is undisputed that he found such a purchaser for the defendants; and he testified to an unconditional promise on their part to pay him $150 for his services. The defendants contend that the contract as to compensation was conditional, and that he was not to be paid anything in case the property sold was not paid for but had to be taken back by the vendor, as the machinery in question was. *Mr. Briggs*, one of the defendants, testified that he made the contract with the plaintiff, and that the agreement was that the plaintiff was to be paid out of the proceeds of the sale as they were collected, and that he read to the plaintiff the commission clause in the contract which the defendants had with the manufacturers, so that he might know how he was to get his commissions. According to this clause, commissions were collectible when the machinery was wholly or in part

paid for, and in certain proportions as the proceeds of sales were collected. And a custom or usage of trade was proven, to the effect that where an agent sells machinery on commission, and by reason of default of payment by the purchaser the manufacturer was compelled to repossess himself of the property, the agent received no commission. The evidence as to whether the contract for the payment of commissions was absolute or conditional was quite conflicting, but we think was fairly submitted to the jury.

Exceptions were taken to certain portions of the charge of the trial court, on the ground that they were misleading or were calculated to confuse the jury. The learned judge said the defendants allege "a custom of a machinery sale trade, to the effect that commissions on sales shall only be collectible after the machinery is wholly or in part paid, and in certain proportions as the proceeds of sales are collected; and if the property sold is not paid for and has to be taken back by the party selling, that the agent making the sale shall not be entitled to any commission." Now, it is said that there was no claim that there was any usage how the commission was to be paid when the machinery was paid for, but that it only applied when the machinery was not paid for. It was an undisputed fact that the machinery in this case was wholly or in part unpaid for and had to be taken back by the vendors. Therefore, whatever was said about the custom could only refer to the case where the property was taken back by the vendor, and could not possibly have misled the jury; for the only question was whether the contract as to compensation was absolute or conditional,— made without a reference to the custom. The county judge said that the usage itself had been fully established by the evidence, and there was a presumption when the usage was proved that the plaintiff made his contract in relation to it, and that the payment of his commission for finding a purchaser for the saw-mill machinery

Chase vs. Gault and another.

was to be according to the terms of such usage; but this presumption was not conclusive, and might be rebutted by evidence on the part of the plaintiff that he did not contract in reference to such usage, but did contract to receive $150 unconditionally, uncontrolled by such usage. True, the court subsequently directed the jury, in substance, that the question of custom was not to be taken into consideration unless the defendants had shown, by a fair preponderance of evidence, that the contract was made with reference to such custom,— in other words, had shown that it was not absolute; but we do not think that this could have confused the jury in any way.

At the time the sale of the machinery was completed, the defendant *Briggs* gave the plaintiff an order on the manufacturers for his pay. The jury were told that unless they found that the plaintiff received this order understandingly in satisfaction of his commissions, it would not bar a recovery. The plaintiff explained the circumstances under which he received the order, and the jury must have found that it was not accepted as a conditional payment of his claim.

In this case the complaint was verified, and the amount recovered was $174.63. The plaintiff's costs were taxed at $15 attorney's fees, and $20.10 for disbursements. This was correct under sec. 2918, as amended by ch. 52, Laws of 1881, and sec. 2921, R. S.

*By the Court.*— The judgment of the county court is affirmed.